IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTONIO PEARSON :
:
    Plaintiff :
:  CIVIL NO. 1:CV-13-1988
    vs. :
:  (Judge Caldwell)
THOMAS WILLIAMS, :
UNIT MANAGER :
:
    Defendant :

*MEMORANDUM*

I. *Introduction*

The pro se plaintiff, Antonio Pearson, has filed a motion (Doc. 43) for reconsideration of the court's order dated March 11, 2015. That order granted defendants' motion to dismiss the complaint but allowed Plaintiff to file an amended complaint, with the amended complaint being limited to his First Amendment claim that defendants Williams and Aickey initiated the revocation of his single-cell status for retaliatory reasons. (Doc. 42). For the reasons that follow, the motion for reconsideration will be denied.

II. *Standard of Review*

The March 11, 2015, order was not final because, having granted leave to file an amended complaint, it contemplated further proceedings in this court. *See Aluminum Co. of America v. Beazer East, Inc.*, 124 F.3d 551, 557 (3d Cir. 1997); *M.K. v. Tenet*, 196 F. Supp. 2d 8, 12 (D. D.C. 2001). It was therefore interlocutory. A court may revise an interlocutory order "when consonant with justice to do so." *United States v. Jerry*, 487 F.2d

600, 605 (3d Cir. 1973); *In re Anthanassious*, 418 F. App'x 91, 95 (3d Cir. 2011)(nonprecedential)(quoting *Jerry*). More specifically, a trial court may revise an interlocutory order if that order "might lead to an unjust result." *Anthanassious*, 418 F. App'x at 95 (quoted case omitted).

III. *Discussion*

Plaintiff's motion for reconsideration presents us with no arguments from which we can conclude that our order should be changed. Plaintiff attacks our rulings that his amended complaint, naming new defendants, was filed outside the two-year statute of limitations and did not satisfy the requirements of Fed. R. Civ. P. 15(c)(1)(C). (Doc. 44, Br. in Supp. Mot. for Reconsideration). Plaintiff concedes the untimeliness of his proposed amended complaint, but argues we erred in finding any "new defendants" were named in that pleading.[1] (*Id.*) He claims he "is not trying to bring in a new defendant" and that all defendants named were also named in his original complaint. A review of the original Complaint shows this argument is meritless. The only individual named in the original complaint is "Unit Manager Thomas Williams," and his name only appears in the caption of the Complaint. (Doc. 1, ECF p. 1). Moreover, Pearson's claim against Williams and Aikey are related to their initiation of the removal of his Z code status for retaliatory reasons. Although he alleges the other supervisory defendants voted to withdraw his Z Code status while they were aware of his claims of Williams' and Aikey's retaliatory motives, he failed to

---

[1] To the extent Pearson alleges the defendants committed fraud by presenting such an argument. Pearson's claim will be denied for the reasons set forth below.

allege in his amended complaint that the proposed supervisory defendants' action of revoking his Z code was similarly motivated.  Accordingly, Pearson's motion for reconsideration will be denied.

As Pearson's second proposed amended complaint (Doc. 45) does not comply with this court's previous order which instructed Pearson to limit the pleading to his First Amendment retaliation claim, it will be stricken from the record.  Pearson will be granted twenty-one days to file an amended complaint that adheres to the March 11, 2015, order.  Defendants' motion to dismiss this action pursuant to Fed. R. Civ. P. 41(b) due to Pearson's failure to follow this court's instructions in filing his amended complaint will be denied.

An appropriate order follows.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: September 1, 2015