IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTONIO PEARSON                          :
                                         :
        Plaintiff                        :
                                         :        CIVIL NO. 1:CV-13-1988
     vs.                                 :
                                         :          (Judge Caldwell)
THOMAS WILLIAMS,                         :
UNIT MANAGER                             :
                                         :
        Defendants                       :

*M E M O R A N D U M*

I.    *Introduction*

        Presently before the court is Defendant Williams' Motion to Compel (Doc. 60)

Plaintiff Pearson's cooperation with discovery.  For the reasons set forth below, Pearson

will be ordered to respond to Defendant's discovery or his case will be dismissed as a

sanction for his noncompliance.


II.    *Standard of Review*

        Pursuant to Fed. R. Civ. P. 26(b)(1), a party "may obtain discovery regarding

any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P.

26(b)(1).  Relevance is generally "construed broadly to encompass any matter that bears

on, or that reasonably could lead to other matter that could bear on, any issue that is or

may be in the case."  *Oppenheimer Funds, Sanders*, 437 U.S. 340, 351, 98 S.Ct. 2380,

2389, 57 L.Ed.2d 253 (1978).  Under Rule 37(a), a party may file a motion to compel

discovery when the opposing party fails to respond or provides incomplete or evasive answers to properly propounded document request or interrogatories.  *See* Fed. R. Civ. P. 37(a)(3)(B)(iii - iv).  Rule 37 allows the court to "issue further just orders" when a party "fails to provide or permit discovery" as directed by a court's order.  Fed. R. Civ. P. 37(b)(2)(A). The rule specifically lists seven types of sanctions that a court may impose against a party that disobeys a discovery order:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i - vii).

The scope and conduct of discovery are within the sound discretion of the trial court.  *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 661-62 (3d Cir. 2003); *see also McConnell v. Canadian Pacific Realty Co.*, 280 F.R.D. 188, 192 (M.D. Pa. 2011) ("Rulings regarding the proper scope of discovery, and the extent to which discovery may be compelled, are matters consigned to the Court's discretion and judgment.").

III.    *Discussion*

Defendant Williams seeks an order compelling Pearson's responses to discovery.  Defendant Williams argues that more than thirty days have elapsed without Pearson responding to his properly served discovery (a request for production of documents and a set of interrogatories).  To date, Pearson has not filed a response to Defendant Williams' motion.

On November 12, 2015, we issued an order directing that discovery be completed in this case by May 10, 2016, and all pre-trial motions be filed by June 10, 2016.  (Doc. 57).  Defendant Williams has demonstrated that on February 10, 2016, he properly served Pearson with discovery.  *See* Docs. 60-1 and 60-2, Exs. in Supp. Def.'s Mot. to Compel.   He claims that Pearson's failure to cooperate with discovery impedes his ability to investigate Pearson's claims and prepare his defense.  (Doc. 61, ECF p. 2).  As Pearson has failed to respond to Defendant WIlliams' discovery or his motion to compel, he offers no explanation for his dilatory actions.  Without any explanation for his behavior the court cannot determine whether Pearson's noncompliance is due to inability, and not willfulness or bad faith.   His failure to cooperate in discovery unquestionably prejudices Defendant Williams and significantly impedes the advancement of his own case.  Nonetheless, the Third Circuit has cautioned that dismissal of a case as a sanction is "extreme" and should be reserved for the most egregious cases.  *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863, 867 - 68 (3d Cir. 1984).  Accordingly, we will grant Defendants' motion to compel and order Pearson to respond to Defendant Williams' request for interrogatories and

request for production of documents.  If Plaintiff fails to comply with our order, he must show cause why his case should not be dismissed as a sanction due to his noncompliance with a court order.

We will issue an appropriate order.

/s/ William W. Caldwell
William W. Caldwell
United States District Judge

Date: May 2, 2016