UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANTONIO PEARSON,
    Plaintiff

    v.

THOMAS WILLIAMS, *et al.*,
    Defendants

No. 1:13-CV-1988

(Judge Caldwell)

## *M E M O R A N D U M*

I. *Introduction*

Plaintiff Antonio Pearson, a state inmate, filed this action concerning the loss of his single-cell status in retaliation for his filing of institutional grievances against prison staff. He proceeds *pro se* and *in forma pauperis*. On our own motion, the case is before us due to Pearson's failure to cooperate with discovery, noncompliance with a court order, and his failure to advise the court of his present location.

For the reasons that follow, Pearson's action will be dismissed with prejudice.

II. *Standard of Review*

Federal Rule of Civil Procedure 41(b) provides that an action may be involuntarily dismissed "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." "The power to dismiss for failure to prosecute . . . rests in

the discretion of the trial court and is part of its inherent authority to prevent undue delays in the disposition of pending cases and to avoid congestion in its docket." *Hewlett v. Davis*, 844 F.2d 109, 114 (3d Cir. 1988) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 – 30, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962)). However, "dismissal for failure to prosecute 'must be a sanction of last, not first resort.'" *Roberts v. Ferman,* 826 F.3d 117, 122 (3d Cir. 2016) (quoting *Knoll v. City of Allentown*, 707 F.3d 406, 411 (3d Cir. 2013). Nevertheless, "where a plaintiff's actions amount to the willful refusal to prosecute or blatant failure to comply with a district court order, dismissal for failure to prosecute is appropriate." *Roberts*, 826 F.3d at 123 (citations omitted).

The Third Circuit has mandated that courts apply the following factors to evaluate whether dismissal for failure to prosecute is warranted:

> (1) to the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984). Not every factor needs to weigh in favor of dismissal before dismissal is warranted, *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992), and "no single *Poulis* factor is dispositive." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003). Instead, the decision must be made in the context of the district court's extended contact with

the litigant. A careful assessment of the *Poulis* factors in this case weighs heavily in favor of dismissing this action with prejudice.

III. *Background*

The pro se plaintiff, Antonio Pearson, is a state inmate formerly confined at the state correctional institution in Coal Township, Pennsylvania.[1] On July 17, 2013, Pearson filed this civil rights action pursuant to 42 U.S.C. § 1983, claiming that in 2011 Unit Manager Thomas Williams revoked his single-cell status, Z Code, in retaliation for his filing of grievances against prison staff. (ECF NO. 1, Compl.) Defendant Williams filed a motion to dismiss on January 29, 2014. (ECF No. 18). Following the Court's resolution of the motion to dismiss (ECF Nos. 41 and 42), we granted Pearson leave to file an amended complaint.

Pearson filed an amended complaint on September 23, 2015. (ECF No. 49). On November 12, 2015, we set the close of discovery for May 10, 2016, and called for the filing of pretrial motions by June 10, 2016. (ECF No. 57). On April 4, 2016, Defendant Williams filed a motion to compel Pearson's answers to interrogatories and request for production of documents. (ECF No. 60). Defendant Williams noted that Plaintiff was properly served with these discovery requests on February 10, 2016, and that Plaintiff has failed to respond. (*Id.*) Defendant contends he cannot properly prepare a dispositive motion or prepare for trial in this matter without Plaintiff's cooperation in discovery. (*Id.*) Defendant attached to his

---

1 Pearson is presently housed at SCI-Pine Grove, in Indiana, Pennsylvania.

motion a copy of the disputed discovery requests and the corresponding certificates of service. (ECF No. 60-2). Pearson did not file a brief in opposition to Defendant's motion to compel.

On May 2, 2016, we issued an order directing Pearson to respond to the outstanding discovery. (ECF No. 62). Plaintiff was cautioned that should he fail to comply with our order he must show cause why his case should not be dismissed as a sanction for his noncompliance with our order. (ECF No. 63). On May 13, 2016, Pearson filed a motion to stay our May 2, 2016, order, asserting that he never received Defendant's discovery requests or his motion to compel. (ECF No. 64). On May 16, 2016, we directed the Clerk of Court to serve Pearson with a copy of Defendant's motion to compel and supporting brief. He was further directed to file a copy of his certificate of service of his discovery responses with the court. He was advised that his failure to comply with our order may result in the dismissal of his action for noncompliance with a court order. (ECF No. 65).

To date, we have neither received a copy of Pearson's certificate of service nor received any further communication from Plaintiff. Further, Pearson has not advised the Court of his change of address. The last known address on the docket reflects Pearson's incarceration at SCI-Greene. According to the Pennsylvania Department of Corrections' Inmate Locator, Pearson is now housed at SCI-Pine Grove.

IV. *Discussion*

    1. *The Party's Personal Responsibility*

Under *Poulis*, we initially assess "the extent of the party's personal responsibility." *Poulis*, 747 F.2d at 868. Here, Pearson, an experienced *pro se* litigator, has failed to comply with two court orders. First, he has not provided us with a copy of the certificate of service demonstrating his fulfilment of his discovery obligations. He also has failed to keep the court advised of his current address. [2] It is not our obligation to locate parties, even *pro se* parties. Finally, he has failed to communicate at all with the court as to why he has not followed through on our mandates. As Pearson is proceeding *pro se* the delays in this case are entirely attributable to him. For these reasons, the first *Poulis* factor, the party's personal responsibility, weighs in favor of dismissal.

    2. *Prejudice to the Defendant*

Next, we consider "the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery." *Poulis*, 747 F.2d at 868 (emphasis omitted). Plaintiff has failed to respond to discovery concerning events that occurred in 2011. Defendant is prejudiced by

---

    2 The court's standard practice order, mailed to Pearson on July 23, 2013, advised Pearson of his affirmative obligation to keep the court informed of his current address. (ECF No. 3, p. 4). It also advised Pearson that if the court is unable to communicate with him because he failed to notify the court of his address, the plaintiff "will be deemed to have abandoned the lawsuit." (*Id.*) The court has not received any correspondence from Pearson since May 2016.

- 5 -

Pearson's failure in responding to discovery as the lapse in time can cause witnesses' memories to fade and impedes his ability to prepare a summary judgment motion, and ultimately, for trial.

Prejudice does not require a showing of "irremediable harm" to the Defendant, but rather a burden that impedes a party's ability to prepare effectively for trial. *Ware*, 322 F.3d at 222. As stated above, Pearson has failed to advise the Court whether he has properly responded to Defendant's discovery request and has not communicated with the court since May 16, 2016. His actions have created an unnecessary stalemate in the advancement of this action and prevent Defendant from being able to conduct discovery or prepare for trial. Accordingly, we find that the second *Poulis* factor weighs in favor of dismissal.

3. *History of Dilatoriness*

"Extensive repeated delays or delinquency constitutes a history of dilatoriness such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders." *Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994); *see also McCollum v. Eagle Sec. Agency*, No. 97-6712, 1999 WL 727433, at \*4 (E.D. Pa. Sept. 16, 1999) (maintaining that a plaintiff's lack of communication with a court is indicative of dilatory behavior). Courts have held that a "history

of dilatoriness weighs toward, but does not mandate, dismissal." *Adams*, 29 F.3d at 875.

Pearson was cautioned twice about his failure to comply with our orders concerning his responses to Defendant's discovery. He has an obligation to prosecute his case, respond to our orders, and provide the Clerk of Court with his current address. His failure to fulfill any of these obligations, or otherwise communicate with the court for the past sixteen months, demonstrates Pearson's apparent abandonment of his claim. Such conduct weighs in favor of dismissal.

### 4. *Willfulness or Bad Faith Conduct*

The fourth factor to be considered is the willfulness, or bad faith, of the conduct at issue. *Poulis*, 747 F.2d at 868. Under this factor, we must consider whether the conduct was "the type of willful or contumacious behavior which was characterized as flagrant bad faith." *Adams*, 29 F.3d at 875 (internal quotation marks and citation omitted). Generally, "[w]illfulness involves intentional or self-serving behavior." *Id.* If the conduct is merely negligent or inadvertent, we will not call the conduct "contumacious." *Briscoe v. Klaus*, 538 F.3d 252, 262 (3d Cir. 2008).

Here, the facts are insufficient to support a conclusion that Pearson's failure to file the required certificate of service has been willful or in bad faith. However, as Plaintiff is not a first-time *pro se* litigator, he is well aware of his

continuing obligation to provide the court with a current address to facilitate communication with the court, including issues concerning the advancement of his case. For these reasons, we find that this factor weighs in favor of dismissal.

5. *Alternative Sanctions*

The fifth *Poulis* factor is "the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions." *Poulis*, 747 F.2d at 868; *Adams*, 29 F.3d at 876 ("Before dismissing a case with prejudice, a district court should consider alternative sanctions."). Generally, sanctions less than dismissal [are] ineffective when a litigant, such as [Plaintiff], is proceeding *pro se*." *Lopez v. Cousins*, 435 F. App's 113, 116 (3d Cir. 2011).

Here, Pearson's status as a *pro se* litigant prevents us from sanctioning him or using alternative sanctions to advance this litigation. This factor weighs in favor of dismissal.

6. *Merits of Pearson's Claim*

"A claim … will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff…." *Poulis*, 747 F.2d at 87. Pearson alleges that the Defendant retaliated against him for filing prison grievances by revoking his single- cell status, or Z Code.

While on its face, Pearson's Amended Complaint appears to state a claim, because no discovery has taken place (at least none that the court is aware of), we are not in a position to determine the merits of Pearson's claim. we find the merits of the claim neutral with regard to dismissal.

V. *Conclusion*

For the above reasons, the court concludes that the *Poulis* factors weigh in favor of dismissal.

We will issue an appropriate order.

/s/ *William W. Caldwell*
William W. Caldwell
United States District Judge

Date:  September 26, 2017